UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHESAPEAKE LOUISIANA, LP, ET AL | CIVIL ACTION NO. 12-cv-2963 |
| VERSUS | JUDGE HICKS |
| INNOVATIVE WELLSITE SYSTEMS, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is Plaintiffs' Motion to Compel Production of Documents. Doc. 64. After a careful review of the parties' briefs, the motion is granted in part and denied in part as follows.

**Rule 34(b)(2)**

Rule 34(b)(2) generally requires that a party produce documents (a) as they are kept in the usual course of business or (2) organized and labeled to correspond to categories in the requests. WDI's production does not comply with that rule. WDI produced more than 2,000 pages of documents. Plaintiffs state that the first 1,000 or so pages are replete with documents that appear to have questionable relevance to the tubing head at issue. WDI explains that it included in its production documents related to all products sold to Innovative, including all tubing spools and lock screw assemblies.

WDI is directed to reorganize its production by specifying the documents or files responsive to each of Plaintiffs' requests. If WDI produced documents that do not fall neatly

into one of Plaintiffs' requests but were produced out of an abundance of caution, WDI should say so and identify those documents by Bates number range or category.

**Other Documents Related to Alleged Defects and/or Product Failures**

WDI is directed to produce any other documents in its possession, custody, or control related to the investigation and testing of leaking lock screws on the Sunbelt tubing spool. The court finds that this information is relevant to Plaintiffs' claims and falls within the scope of Plaintiffs' request. The court recognizes that WDI has now produced the PPI report, but WDI is directed to ensure that all relevant documents regarding PPI's investigation and testing have also been produced.

**Insurance Policy**

Plaintiffs have not satisfied the court that they are entitled to obtain a copy of the insurance policy issued by Catlain Specialty providing coverage for WDI Manufacturing, LLC. That WDI entity is not a party to this lawsuit, and it is involved in a separate line of business. Absent an allegation of fault or liability against WDI Manufacturing, LLC, the court will not order production of the Catlain Specialty policy.

**Sworn Statement of Charlie Jewett**

The court has conducted an in-camera review of Mr. Jewett's sworn statement, and the court finds that it is protected by the work product immunity. Plaintiffs, who will have an opportunity to depose Mr. Jewett, have not made a showing of substantial need for the sworn statement.

**Deadline**

Unless otherwise agreed by the parties, WDI's supplemental production shall be made no later than March 7, 2014.

**Attorney Fees and Costs**

All requests for attorney fees and costs in connection with the Motion to Compel are denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge