# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT

CHESAPEAKE LOUISIANA, L.P.,                    CIVIL ACTION NO. 12-2963
ET AL.

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

INNOVATIVE WELLSITE SYSTEMS,                    MAGISTRATE JUDGE HORNSBY
INC., ET AL.

## MEMORANDUM RULING

Before the Court is a Magistrate Appeal (Record Document 93) filed by Plaintiffs, who appeal from Magistrate Judge Hornsby's Memorandum Order of May 14, 2014 (Record Document 92) denying Plaintiffs' Motion for Leave to File Sixth Supplemental and Amending Complaint. Defendants opposed the Magistrate Appeal. See Record Document 99. For the reasons which follow, Magistrate Judge Hornsby's Memorandum Order of May 14, 2014 is **AFFIRMED** and the Magistrate Appeal (Record Document 93) is **DENIED**.

Background

In November 2009, the Sumner well, located near Grand Cane, Louisiana in DeSoto Parish, suffered a blowout at the surface. See Record Document 1. The instant litigation ensued in state court in November 2010. See id. The case was later removed. See id. The basic allegation in Plaintiffs' product liability action is that the tubing spool and lock screw assemblies used on the well were unreasonably dangerous in their design.

Three amendments to the petition were filed in state and federal court to add new parties and claims. See id. A Scheduling Order was entered by this Court in July 2013 and an October 18, 2013 deadline was set for the "JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS." Record Document 40 at 3. The Court granted an extension of this

deadline to November 18, 2013.  See Record Document 45.  Plaintiffs filed their Fifth Amended Complaint on that deadline.  See Record Document 50.  An Amended Scheduling Order issued by this Court in March 2014 listed the deadline for  "JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS" as "CLOSED."  Record Document 84 at 3.

On March 22, 2014, Plaintiffs filed a Motion for Leave to File Sixth Supplemental and Amending Complaint seeking to add WDI Manufacturing, LLC as a party defendant.  See Record Document 86.  The Motion for Leave was opposed.  See Record Document  90. On May 14, 2014, Magistrate Judge Hornsby denied the Motion for Leave, holding:

> This court normally grants leave to amend in cases where a party did not know of a potential claim or a potential defendant until some discovery was conducted.  But, given the age of this case and the volume of discovery already conducted, the prejudice (and significant expense) to the existing parties of adding a new party outweighs the potential harm to Plaintiffs of not allowing the amendment. After considering all of the relevant factors, the court finds that best exercise of its discretion is to deny the motion to amend.

Record Document 92 at 3-4.  Plaintiffs now appeal from Magistrate Judge Hornsby's Memorandum Order of May 14, 2014.

Legal Standards

The issue decided by Magistrate Judge Hornsby in his May 14, 2014 Memorandum Order relates to a non-dispositive matter.  This action is not listed in 28 U.S.C. § 636(b)(1)(A) as a dispositive motion (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide.  Magistrate Judge Hornsby's order was not a recommendation to the district court; rather, it is an order from a magistrate judge on non-dispositive matters that require the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70

F.3d 382, 385 (5th Cir. 1995); <u>Perales v. Casillas</u>, 950 F.2d 1066, 1070 (5th Cir. 1992). The Court reviews Magistrate Judge Hornsby's legal conclusion <u>de</u> <u>novo</u>, and reviews his factual findings for clear error.  <u>See</u> <u>Choate v. State Farm Lloyds</u>, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5th 2005).

When a party files an untimely motion to amend the pleadings, a district court must evaluate the motion under Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure. <u>See</u> <u>S&W Enters., L.L.C. v. South Trust Bank of Ala., NA</u>, 315 F.3d 533, 535-536 (5th Cir.2003).  "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order [under Rule 16(b)] will the more liberal standards of 15(a) apply to the district court's decision to grant or deny leave." <u>Id.</u>; <u>see also</u> <u>Fahim v. Marriott Hotel Servs., Inc.</u>, 551 F.3d 344, 348 (5th Cir.2008).

Under Rule 16(b), a party seeking to modify any aspect of a scheduling order must show good cause.  <u>See</u> <u>Reliance Ins. Co. v. La. Land & Exploration Co.</u>, 110 F.3d 253, 257 (5th Cir.1997); <u>Barrett v. Atl. Richfield Co.</u>, 95 F.3d 375, 380 (5th Cir.1996).  A district court therefore considers a party's untimely motion to amend the pleadings based on the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." <u>Fahim</u>, 551 F.3d at 348; <u>S&W Enters.</u>, 315 F.3d at 535-536.

<u>Analysis</u>

Magistrate Judge Hornsby correctly applied the Rule 16(b) four-factor balancing test in this matter because the deadline for joinder of parties and amendment of pleadings was

closed at the time Plaintiffs filed their Motion for Leave to File Sixth Supplemental and Amending Complaint.   Additionally, this Court's de novo review of Magistrate Hornsby's analysis of each factor reveals his finding that Plaintiffs failed to demonstrate good cause for adding a new defendant was neither clearly erroneous nor contrary to law.

Like Magistrate Judge Hornsby, the undersigned believes Plaintiffs have failed to offer a convincing explanation for their failure to timely add WDI Manufacturing, LLC as a party defendant.  The record reflects that discovery responses from April 2013 showed at least some involvement of WDI Manufacturing, LLC in performing machine work on the Sumner well tubing spool.  Yet, Plaintiffs did not solicit dates for depositions of WDI Manufacturing, LLC representatives until January 14, 2014, almost two months after the November 18, 2013 deadline for the joinder of parties and amendment of pleadings.

Magistrate Judge Hornsby's findings of significant prejudice and the unavailability of a continuance are also supported by the record.  Both of these factors weigh against a finding of good cause, as WDI Manufacturing, LLC would need considerable time to review discovery; it is likely that numerous depositions would have to be taken a second time at great expense to all parties; and the undersigned's disfavor of continuing a case that is already more than two years old.

The only factor potentially weighing in favor of good cause is the importance of the amendment.  However, Magistrate Judge Hornsby carefully considered this factor, finding that "the fact that another entity may also be liable to Plaintiffs does not automatically equate to prejudice in the assessment of good cause to amend."  Record Document 92 at 2-3.  This finding is grounded in binding precedent.  See Temple v. Synthes Corp., Ltd. 498 U.S. 5,7, 111 S.Ct. 315, 316 (1990) ("It has long been the rule that it is not necessary for

all joint tortfeasors to be named as defendants in a single lawsuit.").

The undersigned has considered the four-factor balancing test applicable under Rule 16(b) and finds that Plaintiffs have failed to show sufficient cause to amend their pleading in this matter. The key factors guiding the Court in reaching this conclusion were the dilatory nature of the request for leave to amend, the age of the case, the volume of discovery already conducted, and the prejudice and significant expense an amendment would cause. Therefore, this Court agrees with Magistrate Judge Hornsby's conclusion that the best exercise of judicial discretion is to deny Plaintiff's Motion for Leave to File Sixth Supplemental and Amending Complaint.

Conclusion

Based on the foregoing analysis, the Court finds that Magistrate Judge Hornsby's Memorandum Order denying Plaintiffs' Motion for Leave to File Sixth Supplemental and Amending Complaint was neither clearly erroneous nor contrary to law. Such order is hereby **AFFIRMED** in its entirety.

Accordingly,

**IT IS ORDERED** that Defendants' Magistrate Appeal (Record Document 93) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of September, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE