UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| CHESAPEAKE LOUISIANA, L.P., ET AL. | CIVIL ACTION NO. 12-2963 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| INNOVATIVE WELLSITE SYSTEMS, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Petroleum Products & Services, Inc. d/b/a Wellhead Distributors International's ("WDI") Motion in Limine to Exclude Certain Expert Opinion Testimony. See Record Document 113. Defendants Jiangsu Jinshi Machinery Group Company, Limited and China Petroleum Technology & Development Corporation filed a memorandum in support of WDI's motion. See Record Document 114. Defendants argue that Plaintiffs should not be allowed to introduce the installation procedures manuals and the deposition testimony of witnesses taken in a separate lawsuit through the opinion testimony of their experts. See Record Documents 113, 114 & 138. Defendants opposed the Motion in Limine. See Record Document 132. For the reasons which follow, the Motion in Limine to Exclude Certain Expert Opinion Testimony (Record Document 113) is **DENIED**.

The parties now agree "that the issues surrounding the installation and procedure manuals are mooted." Record Document 138 at 2. Thus, the Motion in Limine is **DENIED AS MOOT** as to the installation procedures manuals. The Court will now move to Defendants argument regarding the deposition testimony.

Plaintiffs admit that two of their experts, metallurgist Dr. Thomas Shelton, Ph.D.,

P.E., and industrial engineer Dr. Steven Arndt, Ph.D., CHFP, reviewed the deposition transcripts of fact witnesses James Reynolds ("Reynolds") and James Siler ("Siler"), who were present at the Sumner 25 well blowout at issue in this case. These depositions were taken in January 2011 in connection with the matter styled <u>Reynolds v. Chesapeake Energy Corporation</u>, Docket Number 2:10-cv-00152-TJW, which was filed in the Eastern District of Texas. The <u>Reynolds</u> case was a personal injury action arising out of the blowout of the Sumner 25 well. No defendant in the instant matter was a defendant in the <u>Reynolds</u> case.

Defendants argue that the deposition testimony is hearsay and is, therefore, inadmissible under Federal Rule of Evidence 703. Rule 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

F.R.E. 703. Defendants contend that Dr. Shelton and Dr. Arndt will merely parrot hearsay testimony and Plaintiffs are attempting to use expert testimony as a ruse for the introduction of otherwise inadmissible evidence.

Conversely, Plaintiffs note that Dr. Shelton and Dr. Arndt reviewed the deposition transcripts "only to confirm details regarding the replacement procedure that Innovative was conducting at the time of Sumner 25 incident." Record Document 132 at 7. Plaintiffs further argue:

> [T]he opinions reached by Dr. Shelton and Dr. Arndt are clearly not a mere recitation of unreliable information in the manuals or deposition testimony,

>    but rather the materials are incorporated and applied in the experts' evaluation of the design and manufacturing risks associated with the lock screw assembly. To the extent either experts' [sic] opinion is premised on information from the manuals or deposition testimony, both applied "[their] extensive experience and a reliable methodology," and the materials are otherwise reasonably relied on in their respective fields. . . . Dr. Shelton and Dr. Arndt "[d]id more than just repeat information gleaned from external sources" -- each experts' opinion is premised primarily on their evaluation of the design and manufacturing flaws associated with the Defendants' lock screw assembly.

Id. at 7-8.

Under Rule 703, courts must serve a gate-keeping function to ensure experts are not being used as vehicles for circumventing the rules of evidence. See Factory Mut. Ins. Co. v. Alon USA L.P., 705 F.3d 518, 524 (5th Cir. 2013). "Rule 703 was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." Id. Here, the Court finds that Drs. Shelton and Arndt are not merely parroting the theories of others, but rather have based their opinions on examination of the equipment at issue and on materials experts in their particular fields would reasonably rely on in forming opinions.[1] The Court believes this is an instance where

---

[1] Citing persuasive authority, Plaintiffs state that "deposition testimony is routinely recognized as appropriate evidence on which experts may rely in formulating their opinions." Record Document 132 at 13, n. 29, citing Metrejean v. REC Marine Logistics, LLC, No. 08-5049, 2009 WL 3062622, at *2 (E.D. La. Spt. 21, 2009) (an expert's reliance on deposition testimony regarding the conditions surrounding the time of an incident "[a]re sufficiently reliable bases for his [expert] opinion"); Ferag Ag v. Grapha-Holding Ag, No. Civ. A. 91-2215-LFO, 1996 WL 293535, at *1 (D.D.C. May 29, 1996) ("[a]s shown by defendant's own experts, deposition testimony is the type of evidence upon which experts in this field consider and rely upon in forming an opinion."); Dana Corp. v. Am. Standard, Inc., 866 F. Supp. 1481, 1501 (N.D. Ind. 1994) (an expert's opinion is admissible where he bases "[h]is opinions on his understanding of what various depositions reported, and he may do that under Rule 703."); U.S. v. Boyle, No. 08 CR 523 (CM), 2010 WL 286624, at *2 (S.D.N.Y. Jan. 15, 2010) (an expert's opinion is admissible where he "[a]pplies his

the experts should be permitted some latitude to offer opinions based on otherwise-inadmissible information because Plaintiffs have met their burden of showing that the deposition testimony is the sort reasonably relied on in the expert's field. The Court is also cognizant of the "mini 403 analysis" set forth in Rule 703 and Defendants' argument that the prejudicial effect of the deposition testimony outweighs their probative value. See Record Document 138 at 5. However, the Court finds that the facts disclosed by Reynolds and Siler may be used by Plaintiffs' experts during trial because the probative value of the deposition testimony in helping the jury evaluate the expert opinions substantially outweighs their prejudicial effect.

Accordingly,

**IT IS ORDERED** that Defendant WDI's Motion in Limine to Exclude Certain Expert Opinion Testimony (Record Document 113) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of September, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

expertise to out-of-court statements and other sources, and synthesizes or analyzes that information, along with other information, in the form of an expert opinion"). The Court agrees and finds that the Reynolds and Siler depositions are appropriate evidence on which Drs. Shelton and Arndt may rely upon in forming their opinions.