UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| CHESAPEAKE LOUISIANA, L.P., ET AL. | CIVIL ACTION NO. 12-2963 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| INNOVATIVE WELLSITE SYSTEMS, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant China Petroleum Technology and Development Corporation's ("CPTDC") Motion for Summary Judgment (Record Document 150). CPTDC seeks entry of partial summary judgment in its favor, specifically requesting an order declaring it is not liable under the Louisiana Products Liability Act ("LPLA") and limiting its liability under Louisiana redhibition law. See id.[1] Plaintiffs Chesapeake Louisiana, L.P., Chesapeake Operating, Inc., Larchmont Resources, L.L.C., Ivory Working Interest, L.P., Comstock Oil & Gas–Louisiana, L.L.C., Petrohawk Properties, L.P., PXP Louisiana L.L.C., Certain Underwriters at Lloyd's, London,  Subscribing to Certificates of Insurance Nos. 205041, 205043, JLWCTF3359, JLWCTF3360, and BD-CJP-388, Navigators Insurance Company, Houston Casualty Company, and Gotham Insurance Company ("Plaintiffs") have opposed the motion. See Record Document 154. For the reasons which follow, CPTDC's Motion for Summary Judgment is **GRANTED**.

---

[1]At the time CPTDC filed the instant motion, Defendant Petroleum Products & Services, Inc. d/b/a Wellhead Distributors International's ("WDI") Motion to Determine Choice of Law was pending.  This Court has now held that Louisiana law applies to the instant matter.  Thus, CPTDC's arguments relating to Texas law will not be addressed.

## BACKGROUND

This cases arises from a natural gas well blowout that occurred on November 18, 2009, at the Sumner 25-13-14 H-1 oil and gas well ("Sumner 25 well" or "the well") located in DeSoto Parish, Louisiana.  The Sumner 25 well is owned by Chesapeake Louisiana, L.P. and operated by Chesapeake Operating, Inc. ("COI").

At the time of the incident, Defendant Innovative Wellsite Systems, Inc. ("Innovative") was replacing lock screws in a tubing head on the Sumner 25 well.  The shut-in pressure of the Sumner 25 well was approximately 9400 PSI at the time Innovative was conducting its repair procedure.

Plaintiffs allege that the lock screw assemblies on the Sumner 25 well were defective.  They further allege that the tubing spool and lock screw assemblies were manufactured by Defendant Jiangsu Jinshi Machinery Group Company, Ltd. ("JMP"); sold by CPTDC; distributed by  Defendant WDI to Innovative; and supplied by Innovative to Chesapeake.

In support of its Motion for Summary Judgment, CPTDC filed a Statement of Uncontested Material Facts.  See Record Document 150-12.  Local Rule 56.2 provides:

LR56.2 Opposition to Summary Judgment

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

LR 56.2.  Plaintiffs filed Contested Issues of Fact, but did not specifically "controvert" CPTDC's statement of five uncontested material facts.  See Record Document 154-1.

Rather, Plaintiffs submitted generalized statements of contested issues of fact.  See id.
Thus, many if not all of CPTDC's Material Facts are deemed admitted.

CPTDC did not manufacture or design the tubing spool, or any of the lock screws used in the tubing spool, at the Sumner 25 well.  See Record Document 150-1, ¶¶ 1-2. CPTDC did not exercise control over or influence any characteristic of the design, construction or quality of the tubing spool, or any of the lock screws used in the tubing spool, at the Sumner 25 well.  See id., ¶ 3.  CPTDC performs no manufacturing, design or engineering functions as part of its business.  See id.

CPTDC further alleges that it did not assume or administer any product warranty obligations related to the tubing spool, or any of the lock screws used in the tubing spool, at the Sumner 25 well, nor did it prepare or modify said tubing spool or lock screws for distribution.  See id., ¶ 4.  CPTDC maintains that it performed only a sales function for JMP and that it sells products of other Chinese manufacturers of oilfield equipment besides JMP. See id., ¶ 5.

Plaintiffs allege that genuine disputes of material fact exist as to whether the lock screw assembly was reasonably fit for its ordinary or particular use; whether COI and Innovative relied on CPTDC's representation regarding the equipment's rating; whether CPTDC's express representation regarding the equipment's fitness was incorrect; and whether Plaintiffs would have been harmed but for CPTDC's incorrect representation regarding the fitness of the lock screw assembly.  See Record Document 154-1.  In sum, Plaintiffs argue that COI purchased the tubing assembly in reliance on CPTDC's warranties of sale, namely the warranties associated with the equipment's pressure rating.  See Record Document 154 at 4-5.

## LAW AND ANALYSIS

**I.      Partial Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv.

Corp., 628 F.3d 725, 728 (5th Cir.2010).[2]  "A genuine issue of material fact exists when the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Quality Infusion Care, Inc., 628 F.3d at 728.  "Rule 56[(a)] mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394

F.3d 311, 315 (5th Cir.2004).

If the movant demonstrates the absence of a genuine dispute of material fact, "the

nonmovant must go beyond the pleadings and designate specific facts showing that there

is a genuine issue for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th

Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could

not support a judgment in favor of the nonmovant, then summary judgment should be

granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

---

[2]The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and Advisory Committee Notes.

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

## II.    Analysis.

CPTDC argues that Plaintiffs cannot point to any evidence that CPTDC was negligent, engaged in willful misconduct, or manufactured or designed, or influenced the manufacture or design or, the tubing spool assembly that was installed at the Sumner 25 well. See Record Document 150-1 at 4. CPTDC contends that it does not fall within the LPLA's definition of a manufacturer; thus, redhibition is the only basis for any claim by Plaintiffs against CPTDC. See id. at 9-10. CPTDC moves for summary judgment strictly limiting its potential liability as a good-faith seller to a return of the purchase price of the tubing spool assembly, plus interest and incidental expenses of the sale. See id. at 4.

### A.    LPLA.

Plaintiffs' response in opposition to CPTDC's Motion for Summary Judgment fails to address the LPLA and, instead, focuses on redhibition. See Record Document 154 at 4-5. The Court agrees with CPTDC's observation that failure to address the LPLA claims upon challenge by summary judgment motion amounts to abandonment of such claims. See Milton v. Boise Cascade, LLC, No. 08-1857, 2011 WL 285091, at *2 (W.D. La. Jan. 25, 2011), citing Keenen v. Tejeda, 290 F.3d 252 (5th Cir.2002) & Hargrave v. Fibreboard Corp., 710 F.2d 1154 (5th Cir.1983). Accordingly, this Court considers any LPLA claims against CPTDC to be abandoned and such claims will not be addressed here.

**B.      Redhibition.**

Plaintiffs have asserted claims for breach of warranty against redhibitory defects and breach of the warranty of fitness under Louisiana Civil Code Articles 2520 and 2524, respectively.  Plaintiffs argue that "the damages available under Article 2524 are separate and distinct from those under Article 2520 and are readily available where a seller has breached the obligation of supplying a thing reasonably fit for its ordinary use."  Record Document 154 at 4.  Plaintiffs contend that "CPTDC certainly knew -- or should have known -- that the lock screw assembly was being purchased for use in well conditions (9,400 PSI) that are consistent with the equipment's pressure rating (15,000 PSI). The lock screw assembly, however, was not fit for its intended purpose inasmuch as it was not designed and manufactured to withstand 15,000 PSI, despite CPTDC's express representations in that regard."  Id. at 5.

Article 2520 provides:

The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.

A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

La. C.C. Art. 2520.  Article 2524 provides:

The thing sold must be reasonably fit for its ordinary use.

When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold

must be fit for the buyer's intended use or for his particular purpose.

If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.

La. C.C. Art. 2524.   Plaintiffs seek damages under both Articles 2520 and 2524.

Conversely, CPTDC argues that Plaintiffs' only remaining claim is redhibition under Article 2520.

In Stroderd v. Yamaha Motor Corp., No. 04-3040, 2005 WL 2037419 (E.D. La. Aug. 4, 2005), the court addressed the interplay between redhibition claims (Article 2520) and breach of contract of fitness for ordinary use claims (Article 2524).   The Stroderd court ultimately concluded that the plaintiffs' Article 2524 claim was precluded by their Article 2520 claim:

> Plaintiffs' claim of breach of contract of fitness for ordinary use fails for an independent reason as well:  it is subsumed by Louisiana redhibition law. Plaintiffs contend that La. Civ.Code art. 2524 provides that a breach of contract of fitness for ordinary use claim is distinct from a redhibition claim. Article 2524 provides that a buyer has a cause of action against a seller if an item sold is not fit for the buyer's intended use.   Article 2524's Revision Comments discuss the relationship of the breach of contract claims with Louisiana redhibition law.  Comment (b) reads as follows:
>
> > Under this Article when the thing sold is not fit for its ordinary use, even though it is free from redhibitory defects, the buyer may seek dissolution of the sale and damages, or just damages, under the general rules of conventional obligations. The buyer's action in such a case is one for breach of contract and not the action arising from the warranty against redhibitory defects.
>
> > In the present case, it is undisputed that the [products] at issue were not free from defects.   Comment (b) implies that a breach of contract of fitness for ordinary use claim is only an independent cause of action when an item is free from redhibitory defects. . . .   The Court therefore concludes that Plaintiffs' breach of contract of fitness for ordinary use action under La. Civ.Code art. 2524 is further precluded by their redhibition claim.

Id. at *3.

In Hollybrook Cottonseed Processing, LLC v. Carver, Inc., No. 09-0750, 2010 WL 892869 (W.D. La. March 11, 2010), the court followed the reasoning set forth in Stroderd and further analyzed the interplay between the aforementioned codal articles and the LPLA. The Hollybrook court held :

> Causes of action under article[] 2524 are available only when redhibition under article 2520 is not, and for claims brought under article[] 2524, the drafters directed courts to the general law of obligations.  Thus, claims brought under article[] 2524 are breach of contract claims, not redhibition claims.
>
> The LPLA preempts breach of contract claims brought against manufacturers for damages caused by their products.  Therefore, the LPLA preempts claims brought under article[] 2524 against manufacturers for damages caused by their products.
>
> In this case, there is an issue of fact as to whether the equipment Hollybrook bought from Carver had redhibitory defects. If it did have redhibitory defects, then Hollybrook's claims under article 2524 . . . are subsumed by its claim under article 2520 for breach of the warranty against redhibitory defects.  If the equipment was free of redhibitory defects, Hollybrook's claims under article 2524 . . . are subsumed by the LPLA to the extent Hollybrook claims damages caused by Carver's products.  To the extent Hollybrook claims damages caused by the allegedly defective equipment, its claims under article[] 2524 . . . are subsumed either by the warranty against redhibitory defects or by the LPLA.

Id. at *8.

As outlined by the Hollybrook court, two scenarios are possible, depending upon whether Plaintiffs allege the tubing assembly had redhibitory defects.  It is clear from Plaintiffs' opposition that they believe the tubing assembly had redhibitory defects.  See Record Document 154 at 4-5.  Thus, Plaintiffs' claims under Article 2524 are subsumed by

their claims under Article 2520 for breach of the warranty against redhibitory defects.[3]
Summary judgment in favor of CPTDC is, therefore, appropriate as a matter of law.
Pursuant to Article 2520,  if Plaintiffs carry their burden of proving that the tubing spool
assembly had a redhibitory defect for which Plaintiffs are entitled to recover damages, then
CPTDC's ultimate exposure is a return of the purchase price of the tubing spool assembly,
plus interest, plus Plaintiffs' reasonable expenses associated with the sale.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiffs have abandoned any
LPLA claims against CPTDC.  Plaintiffs have only a redhibition claim remaining against
CPTDC, thereby limiting CPTDC's ultimate exposure to return of the purchase price of the
tubing spool assembly, plus interest, plus Plaintiffs' reasonable expenses associated with
the sale.

Accordingly,

**IT IS ORDERED** that Defendant CPTDC's Motion for Summary Judgment (Record
Document 150) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of November,
2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3]Even if the Court were to assume that the tubing assembly was free of redhibitory
defects, Plaintiffs' Article 2524 fitness claim would be subsumed by the LPLA.  See
Hollybrook, 2010 WL 892869, *8.  As previously stated, such claims have been deemed
abandoned.