UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| CHESAPEAKE LOUISIANA, L.P., ET AL. | CIVIL ACTION NO. 12-2963 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| INNOVATIVE WELLSITE SYSTEMS, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two related motions: (1) a Motion to Strike Jury (Record Document 198) filed by Defendant Petroleum Products & Services, Inc. d/b/a Wellhead Distributors International ("WDI")[1]; and (2) a Motion for Advisory Jury Pursuant to Rule 39(c) (Record Document 205) filed by Plaintiffs Chesapeake Louisiana, L.P., Chesapeake Operating, Inc., Larchmont Resources, L.L.C., Ivory Working Interest, L.P., Comstock Oil & Gas–Louisiana, L.L.C., Petrohawk Properties, L.P., PXP Louisiana L.L.C., Certain Underwriters at Lloyd's, London, Subscribing to Certificates of Insurance Nos. 205041, 205043, JLWCTF3359, JLWCTF3360, and BD-CJP-388, Navigators Insurance Company, Houston Casualty Company, and Gotham Insurance Company ("Plaintiffs"). Both motions are opposed.

<u>Motion to Strike Jury</u>

Relying upon 28 U.S.C. § 1441(d),[2] WDI argues that this entire action must be tried

---

[1] The Motion to Strike Jury was also was adopted by Defendants Jiangsu Jinshi Machinery Group Company, Ltd. and China Petroleum Technology & Development Company. <u>See</u> Record Documents 202 & 215.

[2] Section 1441(d) provides, in pertinent part:

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district

to the bench, as Defendant China Petroleum Technology & Development Company ("CPTDC") is a foreign state. Conversely, Plaintiffs maintain that they have a constitutional right to a jury trial against non-foreign state defendants WDI and Jiangsu Jinshi Machinery Group Company, Ltd. ("JMP").

The Court has reviewed the extensive briefing on this motion and adopts the procedure set forth in In re Aircrash Disaster Near Roselawn, Indiana, 909 F. Supp. 1083 (N.D. Ill. 1995), wherein the claims against the foreign sovereign (CPTDC) are tried to the bench and a jury is empaneled to try the claims as to the other defendants (WDI and JMP). See id. at 1113, citing Gould v. Aerospatiale Helicopter Corp., 40 F.3d 1033, 1034-1035 (9th Cir.1994); Adkins v. GAF Corp., 923 F.2d 1225, 1226-1227 (6th Cir.1991); Matthews v. CTI Container Transport Int'l Inc., 871 F.2d 270 (2nd Cir.1989); Lopez del Valle v. Gobierno de la Capital, 855 F.Supp. 34, 36-37 (D. Puerto Rico 1994); Mori v. Port Authority of New York & New Jersey, 100 F.R.D. 810, 812 (S.D.N.Y.1984); Diodato v. Turecamo Coastal & Harbor Towing, Inc., 100 F.R.D. 756, 758 (S.D.N.Y.1984); Outboard Marine Corp. v. Pezetel, 461 F.Supp. 384, 396 (D.Del.1978). While the Court is cognizant of the Fifth Circuit's decision in Nolan v. Boeing Company, 919 F.2d 1058 (5th Cir. 1990), it believes such case to be distinguishable from the instant matter because the Nolan court addressed whether Section 1441(d) affects the removal of an entire action to federal court. The Nolan case does not address Section 1441(d)'s jury provisions. Accordingly, the Motion to Strike Jury (Record Document 198) is **GRANTED** as to foreign state defendant

---

court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury.

CPTDC and **DENIED** as to non-foreign state defendants WDI and JMP.

Motion for Advisory Jury

Pursuant to Federal Rule of Civil Procedure 39(c),[3] Plaintiffs have also requested that the jury empaneled as to non-foreign state defendants WDI and JMP be utilized in an advisory capacity for the claims against foreign state defendant CPTDC. Plaintiffs contend this practice would promote judicial efficiency and eliminate confusion at the trial of this matter. The Court disagrees and pursuant to its discretionary power pursuant to Rule 39(c), Plaintiffs' request for an advisory jury (Record Document 205) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of November, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3]Rule 39(c) provides:

In an action not triable of right by a jury, the court, on motion or on its own:

(1)  may try any issue with an advisory jury; or

(2)  may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.