**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT**

| | |
|---|---|
| CHESAPEAKE LOUISIANA, L.P., ET AL. | CIVIL ACTION NO. 12-2963 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| INNOVATIVE WELLSITE SYSTEMS, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are three motions in limine, all relating to the admissibility of subsequent remedial measures: (1) Motion in Limine to Allow Evidence of Subsequent Remedial Measures (Record Document 161) filed by Defendants China Petroleum Technology & Development Company ("CPTDC") and Jiangsu Jinshi Machinery Group Company, Ltd. ("JMP"); (2) Motion in Limine to Allow Evidence of Post-Blowout Remedial Measures and Operational Changes (Record Document 162) filed by Defendant Petroleum Products & Services, Inc. d/b/a Wellhead Distributors International ("WDI"); and (3) Motion in Limine to Exclude Evidence Regarding the Barrier Philosophy and Related Subsequent Remedial Measures (Record Document 183) filed by Plaintiffs Chesapeake Louisiana, L.P., Chesapeake Operating, Inc. ("COI"), Larchmont Resources, L.L.C., Ivory Working Interest, L.P., Comstock Oil & Gas–Louisiana, L.L.C., Petrohawk Properties, L.P., PXP Louisiana L.L.C., Certain Underwriters at Lloyd's, London, Subscribing to Certificates of Insurance Nos. 205041, 205043, JLWCTF3359, JLWCTF3360, and BD-CJP-388, Navigators Insurance Company, Houston Casualty Company, and Gotham Insurance Company ("Plaintiffs").[1] All

---

[1] CPTDC and JMP adopted WDI's motion. See Record Document 165. Likewise, WDI adopted the motion filed by CPTDC and JMP. See Record Document 162.

of the motions are opposed. For the reasons which follow, this Court hereby **EXCLUDES** all evidence relating to the Barrier Philosophy and Immediate Action Plan ("Barrier Memorandum") and the Safety Stand Down meeting.

The Sumner 25 Well sustained a blowout on November 18, 2009. On November 25, 2009, COI reduced its barrier philosophy to a written policy, i.e., the Barrier Memorandum. The overview of the memorandum reads:

> The purpose of this memorandum is to establish clear requirements with respect to barrier philosophy and to construct a list of wells requiring immediate action. The goal of this document is to establish appropriate operational guidelines to further limit the chance of well control incidents. The Haynesville East barrier guidelines will require two barriers where a SICP greater than 6,000 psi is anticipated.

Record Document 161, Exhibit A. The Barrier Memorandum explains COI's philosophy on the use of barriers in wells, lists the types of acceptable barriers, explains the suggested operational procedures, and lists those wells in the Haynesville Shale requiring immediate action.

On December 11, 2009, COI held a Safety Stand Down meeting at its location in Sligo, Louisiana, which included a PowerPoint presentation. The meeting was held as a direct result of the recent injuries and fatalities at well sites, including the Sumner 25 well. The presentation included operational changes and steps that should be taken to increase worker safety during future well procedures. See Record Document 186 (SEALED).

All parties agree that the Barrier Memorandum and other operational changes made by Plaintiffs after the Sumner 25 well control event are subsequent remedial measures under Federal Rule of Evidence 407, which provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
>
> • culpable conduct;
>
> • a defect in a product or its design; or
>
> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

F.R.E. 407. Notwithstanding, Defendants argue that the Barrier Memorandum and other operational changes are admissible to show control and/or causation.

Control

Rule 407 states that the court may admit evidence of subsequent remedial measures for another purpose, such as – if disputed – control. Plaintiffs have definitely stated in their briefs that control is no longer an issue: "COI, as the operator of the Sumner 25, maintains ultimate control and authority over well operations." Record Document 175 at 4. Thus, the defense motions in limine seeking admission of subsequent remedial measures as evidence of control are **DENIED**, as control is not in dispute.[2]

Causation

It is well settled that Rule 407 does not preclude the admission of subsequent remedial measures on grounds other than to prove culpability. See Brazos River Auth. v. GE Ionics,

---

[2] If control becomes a disputed issue at trial, then Defendants are free to reurge their motions in limine.

Inc., 469 F.3d 416, 429 (5th Cir. 2006). The Fifth Circuit "has long recognized that subsequent remedial measures can be introduced on the issue of causation if that is in controversy." Id. Yet, the Fifth Circuit has also cautioned against the admissibility of subsequent remedial measures when offered as rebuttal to claims of non-negligence, calling such arguments "semantic manipulation[s]" that must be rejected. Hardy v. Chemetron Corp., 870 F.2d 1007, 1011 (5th Cir. 1989)  More specifically, the Fifth Circuit reasoned:

> Thus [Plaintiff] first maintains that she should have been allowed to impeach [Defendant's] "trial position" that negligent wiring had not caused her injury, which, minus a double negative, amounts to saying that she should have been allowed to adduce evidence of the rewiring to prove [Defendant's] negligence. This is precisely what Rule 407 was designed to prevent. As the Seventh Circuit has explained:  This exception must be applied with care, since "any evidence of subsequent remedial measures might be thought to contradict and so in a sense impeach [a party's] testimony that he was using due care at the time of the accident . . . . [I]f this counted as "impeachment" the exception would swallow the rule. This circuit has recognized that risk and held that the trial judge should guard against the improper admission of evidence to prove prior negligence under the guise of impeachment.

Id. at 1010-1011.

Defendants rely upon Bailey v. Kawasaki-Kisen, K.K., 455 F.2d 392 (5th Cir. 1972) and Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 423 (5th Cir. 2006) to support their contention that the Barrier Memorandum and other operational changes are admissible to rebut Plaintiffs' theory of causation, i.e., defective tubing spool and lock screws. However, this Court finds that both cases are factually distinguishable and/or have limited precedential value. For instance, Bailey preceded both the Federal Rules of Evidence and the 1997 Amendments to Rule 407. See Rutledge v. Harley-Davidson Motor Co., 364 Fed.Appx. 103, 108 n. 4. (5th Cir. 2010).

This Court believes that this matter falls within the category of cases discussed by the Hardy court, wherein to allow the Barrier Memorandum and other operational changes to be admitted would allow the exceptions to Rule 407 to swallow the express purpose of the rule. Defendants seek to introduce the challenged evidence for the same purpose discussed in Hardy – to rebut/impeach Plaintiffs' theory regarding the cause of the well event. This "semantic manipulation" of Rule 407 must be rejected.

Rule 403[3]

Additionally, this Court concurs with Plaintiffs' position that the subsequent remedial measures and the related documents at issue do not offer any information not already available through the presentation of other evidence. Plaintiffs do not contend that Defendants should be precluded from introducing evidence concerning a double barrier theory as a defense. Rather, Plaintiffs argue that Defendants should not be permitted to use subsequent remedial measures to bolster their theory. This Court agrees, finding that Defendants will have ample opportunity to present evidence regarding additional pressure barriers, specifically COI's use of multiple barriers before the Sumner 25 well event. The Court believes that the probative value of the subsequent remedial measures is substantially outweighed by the danger of unfair prejudice and the presentation of cumulative evidence.

Accordingly,

**IT IS ORDERED** that Defendants' Motions in Limine to Allow Evidence of Subsequent

---

[3]Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Remedial Measures and Operational Changes (Record Documents 161 & 162) be and are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Barrier Philosophy and Related Subsequent Remedial Measures (Record Document 183) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of January, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE